# EXHIBIT 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office
FEB 2 1 2014
Superior Court
of the District of Columbia
Washington, D.C.

FAUSTINA ABEBIO                                )
10121 Balsam Poplar Place                      )
Bowie, MD 20721                                )
                                               )
                                               )
            Plaintiff,                         )
                                               )
v.                                             )        Case No.   14 - 0 0 0 1 0 4 3
                                               )
G4S GOVERNMENT SOLUTIONS, INC.                 )
6710 Oxon Hill Dr.                             )        JURY TRIAL DEMANDED
Suite 200                                      )
Oxon Hill, MD 20745                            )
                                               )
                                               )
Serve:                                         )
CSC-Lawyers Incorporating Service Company      )
7 St. Paul Street, Suite 1660                  )
Baltimore, MD 21202                            )
                                               )
                                               )
            Defendant.                         )
                                               )
                                               )

## COMPLAINT

Plaintiff Faustina Abebio, by counsel, complains of Defendant, as follows:

## THE PARTIES

1. Plaintiff Faustina Abebio resides at 10121 Balsam Poplar Place, Bowie, MD
   20721.

2. On information and belief, Defendant G4S Government Solutions, Inc., is a
   Florida corporation that has a principal place of business located at 6710 Oxon
   Hill Dr., Suite 200, Oxon Hill, MD 20745.

## NATURE OF THE CASE

3. This action alleges that Defendant discriminated against Plaintiff when it

terminated her employment on the basis of her family responsibilities in violation

of the D.C. Human Rights Act (DC Code Section 2-1401 et seq.).

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to D.C. Code § 2-1403.16.

5.  Venue is proper because the alleged unlawful acts took place in the District of

Columbia.

## FACTS

6.  Plaintiff was formerly employed by Defendant as a Special Police Officer from

December 8, 2008 until her employment was terminated on or about February 5,

2014.

7.  Beginning on March 20, 2012, Plaintiff was assigned to work at 441 G. St. NW,

Washington, DC.

8.  Plaintiff worked the night shift from 10:00 p.m. to 6:00 a.m. Saturday through

Wednesday.

9.  Plaintiff's supervisor was Seargent Jose Sanchez.

10. Plaintiff is a member of a protected class because she is a single parent and the

primary caregiver for her four children, ages 11, 9, 5, and 2.

11. Plaintiff's cousin generally cared for Plaintiff's children at night while Plaintiff

was at work until she had to leave for work in the morning.

12. On January 15, 2014, shortly before the end of Plaintiff's shift at 6:00 a.m.,

Seargent James contacted Plaintiff on the radio and informed her that she needed

to stay until 10:00 a.m. because another employee had called out and the next

person before her on the holdover list was scheduled for a medical appointment.

13. Plaintiff informed Seargent James that she could only stay until 8:00 a.m. because she needed to get home to take care of her kids as her cousin would be leaving for work soon and she did not want to leave them at home alone for too long.

14. Around 6:30 a.m. Plaintiff took her break and called home. No one answered the phone and Plaintiff believed that her cousin had already left for work.

15. Plaintiff called for another break shortly after 7:00 a.m. and called home again. Plaintiff's 9 year old daughter answered the phone crying and informed Plaintiff that her 2 year old son had been running around, bumped his head, was bleeding, and she didn't know what to do.

16. Plaintiff went to Captain McKinney's office while still on the phone with her daughter and informed him that she needed to leave due to a family emergency. Plaintiff explained what had happened and that she was concerned about her 2 year old son's injuries. She further stated that due to her concerns about her children's safety her mind was not at work, she would not be able to focus, and she did not believe it was a good idea for an armed officer to be at work in her emotional state.

17. Captain McKinney sent Plaintiff home and informed her that he was removing her name from the schedule for now.

18. On January 24, 2014, Captain McKinney called Plaintiff and asked her to come in and meet with Joe Ordona, Project Manager. Plaintiff went into work that day and met with Mr. Ordona and a union representative. Mr. Ordona informed Plaintiff that she was being placed on administrative leave pending the results of a fitness for duty test and that due to Plaintiff's recent statement that she was unable

3

to carry a weapon, she would need to undergo a psychiatric evaluation and sign a medical release. If she did not agree to sign the release, she would be removed from the contract.

19. Plaintiff signed the release and agreed to see a psychiatrist on January 27, 2014.

20. When Plaintiff met with the psychiatrist she explained what had happened with her son on January 15, 2014 and the psychiatrist stated that she didn't know why Plaintiff had been required to come in because was fine. The psychiatrist contacted Plaintiff's union representative to explain this as well. Plaintiff further completed and passed a 569 question exam.

21. On February 3, 2014, Plaintiff was instructed to return to work.

22. Plaintiff worked her regular shifts on February 3, 2014 and February 4, 2014.

23. On February 5, 2014, Plaintiff contacted Captain McKinney to request a copy of the psychiatrist report. Captain McKinney informed her that the company was not allowed to release a copy to her and he would call her back.

24. Captain McKinney contacted Plaintiff later that day and informed her that he was removing her name from the schedule again and was forwarding the psychiatrist's report to the client.

25. Later that day, Plaintiff learned through the union that her employment was terminated because the client did not want her to return to the site.

26. This reason was false and pretext because at all times, Plaintiff was qualified for her position and fit for duty.

27. On February 12, 2014, Captain McKinney called Plaintiff and requested that she return her uniform.

4

28. Based on the foregoing, despite her fitness for duty, Defendant terminated Plaintiff's employment due to her family responsibilities.

29. As a result of Defendant's actions, Plaintiff has sustained damages consisting of lost wages and benefits, pain and suffering, emotional distress, and mental anguish.

## COUNT 1
### (Discrimination based on Family Responsibilities)

30. Plaintiff repeats and realleges paragraphs 1-29 as if fully set forth herein.

31. By and through its conduct, Defendant violated the DC Human Rights Act, DC Code Section 2-1401 *et seq.*, by discriminating against Plaintiff on the basis of her family responsibilities when it terminated her employment.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.


WHEREFORE, Plaintiff demands judgment on all Counts and damages in the amount of $300,000, or such other amount as is determined by a jury at trial, consisting of lost wages and benefits, front pay and benefits, compensatory damages for pain and suffering, mental anguish, and emotional distress, punitive damages, interest, costs, the amount of tax on any award, reasonable attorney's fees, and such other relief as the Court deems just and fair.

Date: February 13, 2014

Alan Lescht & Associates, P.C.

By:
Alan Lescht (#441691)
Susan Kruger (#414566)
Rani Rolston (#974052)
Constance Travanty (#1007223)
1050 17th Street, N.W. Suite 400
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 12283130**
**Date Processed: 03/10/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Moilan Joseph<br>G4S Government Solutions<br>7121 Fairway Drive<br>Suite 301<br>Palm Beach Gardens, FL 33418 |
| **Copy of transmittal only provided  to:** | Susan Pitcher |

| | |
|---|---|
| **Entity:** | G4S Government Solutions, Inc.<br>Entity ID Number  0514714 |
| **Entity Served:** | GS4 Government Solutions, Inc. |
| **Title of Action:** | Faustina Abebio vs. G4S Government Solutions, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 14-0001043 |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 03/07/2014 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Alan Lescht<br>202-463-6036 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FAUSTINA ABEBIO
    Vs.                            C.A. No.     2014 CA 001043 B
GS4 GOVERNMENT SOLUTIONS, INC.
### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(:.1).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: February 21, 2014
Initial Conference: 9:30 am, Friday, May 23, 2014
Location: Courtroom 214
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

FAUSTINA ABEBIO
_____
                          Plaintiff

            vs.

            CaseNumber **14 - 0 0 0 1 0 4 3**

G4S GOVERNMENT SOLUTIONS, INC.
_____
                          Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W.. between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Constance Travanty, Esq.
_____
Name of Plaintiff's Attorney

Alan Lescht & Associates, PC
_____
Address
1050 17th Street, N.W., Suite 400, Wash. DC 20036

202-463-6036
_____
Telephone

                                        Clerk of the Court

By _____
                          Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                        CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____   Demandante

contra

_____                    Número de Caso: _____

_____   Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes, o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Nombre del abogado del Demandante                    *SECRETARIO DEL TRIBUNAL*

_____

Dirección                                              Por: _____

_____                         Subsecretario

Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| FAUSTINA ABEBIO | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2014 CA 001044 B |
| v. | ) | |
| | ) | |
| G4S GOVERNMENT SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF FAUSTINA ABEBIO'S FIRST SET OF INTERROGATORIES TO
DEFENDANT G4S GOVERNMENT SOLUTIONS, INC.**

Plaintiff, Faustina Abebio, by counsel, requests that Defendant G4S Government

Solutions, Inc. answer the interrogatories set forth below in accordance with D.C. Sup. Ct. R. 33.

### DEFINITIONS

**Document**

"Document" is intended to be defined as broadly as possible to include any printed,

typewritten, handwritten, tangible evidence or recorded matter of every type, such as files

correspondence, contracts, agreements, proposals, letters, purchase orders, memoranda,

telegrams, E-mails, texts, notes, forms, catalogues, brochures, diaries, reports, calendars, inter-

office communications, statements, jottings, announcements, opinions, depositions, affidavits,

negotiable instruments, memorialized communications of any nature, telephone bills,

photographs, computer disks, computer printouts, computerized data, tape recordings, video

tapes and motion pictures. Plaintiff may produce copies only if Plaintiff does not have original

documents.

**Each, Every, Any and All**

These words are defined inclusively.  "Each" includes "every;" "any" includes "all." Plaintiff is instructed to use the broadest definition of these words to provide the most inclusive and expansive answers to the document request.

**Describe**

"Describe" shall mean: (1) state every fact relating to the matter in question (for and against Plaintiff's position in this case); (2) identify every person or entity with knowledge of all facts; (3) state all the knowledge each person has; and (4) identify every related document regarding the matter in question.

**Relating to**

"Relating to" means regarding, consisting of, and referring to, reflecting or being connected with the matter discussed in any way.

**Identify**

(a)   **Natural Person**

Regarding a natural person, "identify" means to state the person's:  (1) name; (2) race; (3) last known address and telephone number; (4) job title; (5) relationship, if any, to Defendant; (6) age; and (7) the name and address of his or her employer.

(b)   **Corporation**

Regarding a corporation, "identify" means to provide the:  (1) legal name; (2) the state of incorporation; (3) business address; (4) telephone number; and (5) location of all offices.

(c)   **Documents**

Regarding documents "identify" means to state:  (1) the author of the document and the person or persons to whom the document was originally directed; (2) the source from whom Defendant obtained the document; (3) the date of the document; (4) the current custodian of the

2

document; (5) the location of the document, and (6) the subject matter of the document.   Instead of identifying the document, Defendant may produce the document.

**Communication**

"Communication" shall include all forms of relaying and/or receiving information of every nature. This includes oral, written, visual, audio, and electronic communication of any nature.

**Defendant or You**

"Defendant" or "you" is defined broadly to include Defendants, employees of Defendants, Officers of Defendants, and any authorized agent(s), investigators, experts, attorney(s) and every person acting on Defendants' behalf.

**Singular/Masculine**

The singular and masculine forms of nouns and pronouns shall include the plural and feminine or neuter forms as may be appropriate.

**And/Or**

The words "and" and "or" are to be used both conjunctively and disjunctively, whichever will solicit the broader response to the document request.

**Privilege**

If you claim any form of privilege as a basis not to answer, you must identify the nature of the privilege and the basis for asserting the privilege.


## INTERROGATORIES

1. State the date on which Plaintiff's employment was terminated.

2. Describe how and when Plaintiff was informed that her employment was terminated.

3.    State the reason why you terminated Plaintiff's employment.

4.    Identify the person who made the decision to terminate Plaintiff's employment.

5.    Identify each person who contributed facts that were considered in making the decision to terminate Plaintiff's employment, and describe the facts provided by each such person.

6.    State all factors that you considered in making the decision to terminate Plaintiff's employment.

7.    Identify and describe all conversations between Plaintiff and Captain McKinny on January 15, 2014.

8.    Identify and describe all conversations between Plaintiff and Seargent James on January 15, 2014.

9.    State the reason why on January 15, 2014 Captain McKinney informed Plaintiff he would remove her name from the schedule.

10.   Identify and describe the conversation between Plaintiff and Joe Ordona on January 24, 2014, as referenced in Complaint ¶ 18, and identify all individuals who were present.

11.   State the reason why Plaintiff was placed on administrative leave on or about January 16, 2014.

12.   Identify the individual who made the decision to place Plaintiff on administrative leave.

13.   State the reason why Plaintiff was required to undergo a fitness for duty test and meet with a psychiatrist.

14.   Identify the psychiatrist who you required to evaluate Plaintiff.

15.   Identify the individual who made the decision that Plaintiff was required to undergo a fitness for duty test and meet with a psychiatrist.

4

16.   Identify and describe the basis for your concerns regarding Plaintiff's ability to carry a

weapon as set for in the letter from Joe Ordona to Plaintiff dated January 16, 2014.

17.   Identify and describe all conversations between Plaintiff and Captain McKinney that

relate to Plaintiff's work status or work schedule.

18.   Identify and describe all conversations between Plaintiff and Captain McKinney relating

to the psychiatrist report or Plaintiff's fitness for duty.

19.   If you contend that the client did not want Plaintiff to work at the site, identify the client,

work site, and all reasons given by the client as to why it did not want Plaintiff to work at

the site.

20.   Identify all persons who may have knowledge of the allegations made in the complaint.

21.   Identify all persons who may have knowledge of your defenses to allegations made in the

Complaint.

Date: February 26, 2014                    Respectfully Submitted,

                                           Alan Lescht & Associates, P.C.


                                           By:
                                           Alan Lescht (#441691)
                                           Susan Kruger (#414566)
                                           Rani Rolston (#974052)
                                           Constance Travanty (#1007223)
                                           1050 17th Street, N.W. Suite 400
                                           Washington, D.C. 20036
                                           (202) 463-6036
                                           Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on a copy of the foregoing was served with the summons and complaint.

_____
Constance Travanty

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| FAUSTINA ABEBIO | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2014 CA 001044 B |
| v. | ) | |
| | ) | |
| G4S GOVERNMENT SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFF FAUSTINA ABEBIO'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT G4S GOVERNMENT SOLUTIONS, INC.

Plaintiff Faustina Abebio, by counsel, requests that Defendant deliver copies of the
documents set forth below in accordance with DC Sup. Ct. R. 33:

DEFINITIONS

**Document**

"Document" is intended to be defined as broadly as possible to include any printed,
typewritten, handwritten, tangible evidence or recorded matter of every type, such as files
correspondence, contracts, agreements, proposals, letters, purchase orders, memoranda,
telegrams, E-mails, texts, notes, forms, catalogues, brochures, diaries, reports, calendars, inter-
office communications, statements, jottings, announcements, opinions, depositions, affidavits,
negotiable instruments, memorialized communications of any nature, telephone bills,
photographs, computer disks, computer printouts, computerized data, tape recordings, video
tapes and motion pictures. Plaintiff may produce copies only if Plaintiff does not have original
documents.

**Each, Every, Any and All**

These words are defined inclusively.  "Each" includes "every;" "any" includes "all." Plaintiff is instructed to use the broadest definition of these words to provide the most inclusive and expansive answers to the document request.

**Describe**

"Describe" shall mean: (1) state every fact relating to the matter in question (for and against Plaintiff's position in this case); (2) identify every person or entity with knowledge of all facts; (3) state all the knowledge each person has; and (4) identify every related document regarding the matter in question.

**Relating to**

"Relating to" means regarding, consisting of, and referring to, reflecting or being connected with the matter discussed in any way.

**Identify**

   (a)  **Natural Person**

Regarding a natural person, "identify" means to state the person's:  (1) name; (2) race; (3) last known address and telephone number; (4) job title; (5) relationship, if any, to Defendant; (6) age; and (7) the name and address of his or her employer.

   (b)  **Corporation**

Regarding a corporation, "identify" means to provide the:  (1) legal name; (2) the state of incorporation; (3) business address; (4) telephone number; and (5) location of all offices.

   (c)  **Documents**

Regarding documents "identify" means to state:  (1) the author of the document and the person or persons to whom the document was originally directed; (2) the source from whom Defendant obtained the document; (3) the date of the document; (4) the current custodian of the

document; (5) the location of the document, and (6) the subject matter of the document.   Instead of identifying the document, Defendant may produce the document.

**Communication**

"Communication" shall include all forms of relaying and/or receiving information of every nature.  This includes oral, written, visual, audio, and electronic communication of any nature.

**Defendant or You**

"Defendant" or "you" is defined broadly to include Defendants, employees of Defendants, Officers of Defendants, and any authorized agent(s), investigators, experts, attorney(s) and every person acting on Defendants' behalf.

**Singular/Masculine**

The singular and masculine forms of nouns and pronouns shall include the plural and feminine or neuter forms as may be appropriate.

**And/Or**

The words "and" and "or" are to be used both conjunctively and disjunctively, whichever will solicit the broader response to the document request.

**Privilege**

If you claim any form of privilege as a basis not to answer, you must identify the nature of the privilege and the basis for asserting the privilege.

## SPECIFIC REQUESTS

1. All documents and communications that relate to the reasons why Plaintiff's employment was terminated.

2. All documents and communications that relate to the factors you considered in making the decision to terminate Plaintiff's employment.

3. All documents and communications that relate to the reasons why Plaintiff was placed on administrative leave.

4. All documents and communications that relate to Plaintiff's fitness for duty.

5. All documents and communications that relate to the reasons why Plaintiff was required to undergo a fitness for duty evaluation.

6. A copy of the report by the psychiatrist you required to evaluate Plaintiff on January 27, 2014.

7. All documents and communications that support your defenses to the allegations in the complaint.

8. All documents you intend to use for any purpose at any hearing, trial, motion, or other proceeding in this matter.

9. All statements of persons who may have knowledge of the facts alleged in the Complaint or defense thereto.

10. All documents and communications contained in Plaintiff's personnel file.

11. All documents and communications relied upon in responding to or referenced in Plaintiff's First Set of Interrogatories.

12. All handbooks, policies, manuals, or rules relating to your employment practices and procedures.

4

13. All policies of insurance that may indemnify you for any judgment rendered against you or otherwise cover you in this case.

Date: February 24, 2014

Respectfully Submitted,

Alan Lescht & Associates, P.C.

By: _____
Alan Lescht (#441691)
Susan Kruger (#414566)
Rani Rolston (#974052)
Constance Travanty (#1007223)
1050 17th Street, N.W. Suite 400
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on a copy of the foregoing, was served with the summons and complaint.

_____
Constance Travanty

5