IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAUSTINA ABEBIO | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-00561-ABJ |
| v. | ) |
| G4S GOVERNMENT SOLUTIONS, INC. | ) |
| Defendant. | ) |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

Defendant's motion should be denied because Plaintiff has stated a claim for discriminatory discharge based on her family responsibilities in violation of the D.C. Human Rights Act (DCHRA).

INTRODUCTION

Plaintiff was formerly employed by Defendant as a Special Police Officer for approximately 5 years until her employment was terminated after she informed her supervisors that she could not stay late to cover for another employee due to her family responsibilities. Plaintiff advised her supervisors that she needed to leave work because she was concerned about the safety of her children because they were home alone and her eldest child had called her crying to inform her that her two year old son had bumped his head and was bleeding. As a result, Plaintiff was removed from the schedule, forced to undergo psychiatric testing, and removed from her position.

STANDARD OF REVIEW

Plaintiff's Complaint sufficiently sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to give the defendant

fair notice of what the… claim is and the grounds upon which it rests. …" *Bell Atlantic Corp. v. Twonbly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).  On a motion to dismiss, the court "must accept as true all the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Complaint "is construed liberally in [the plaintiff's] favor, and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'ns Corp,* 16 F.3d 1271 (D.C. Cir. 1994)   To the extent that the claim is "imperfectly stated," dismissal is inappropriate, and "leave to amend is ordinarily in order."  *Alley v. Resolution Trust Corp*, 984 F.2d 1201 (D.C. Cir. 1993).

At the motion to dismiss stage, a Plaintiff need not establish a prima facie case, rather need only allege that she suffered an adverse employment action because of her protected class.  *See. e.g. Ali v. District of Columbia*, 697 F. Supp. 2d 88, 91 (D.C. Cir. 2010), citing *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1113 (D.C. Cir. 2000) ("a Plaintiff in a Title VII case 'need not set forth the elements of a prima facie case [of discrimination] at the initial pleading stage'"); *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) ("judicial inquiry into the prima facie case is usually misplaced…At the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case"); *See also Munro v. LaHood*, 839 F. Supp. 2d 354, 360-361 (D.D.C. 2012).[1]

## ARGUMENT

To state a claim for discriminatory discharge under the DCHRA, Plaintiff must demonstrate that (1) that she was a member of a protected class, (2) that she was qualified for the job from which she was terminated, (3) that her termination occurred despite her employment

---

[1] Courts look to Title VII when interpreting the DCHRA.  *Siddique v. Macy's*, 923 F. Supp. 2d 97, 107 (D.D.C. 2013).

qualifications, and (4) that a substantial factor in her termination was her membership in the protected class. *Barrett v. Covington & Burling LLP*, 979 A.2d 1239 (D.C. 2009); *Cain v. Reinoso*, 43 A.3d 302 (D.C. 2012).

Plaintiff alleges that her employment was terminated due to her family responsibilities. The Complaint specifically alleges that Plaintiff is a member of a protected class because she is the primary caregiver for her four children, Compl. ¶10; that she was qualified for her position and fit for duty, Compl. ¶ 26; and that despite her qualification, her employment was terminated on or about February 5, 2014, Compl ¶ 1.  The complaint also alleges facts sufficient to infer that her family responsibilities were a substantial factor in her termination:  On January 15, 2014, Plaintiff informed her supervisor that she could not stay later after her regularly scheduled shift had ended, due to her family responsibilities.  Compl. ¶ 13,16.  Subsequently, Plaintiff was removed from the schedule, Compl. ¶ 17, forced to undergo a psychiatric evaluation or be removed, Compl. ¶ 18, and ultimately removed despite successfully undergoing the psychiatric evaluation.  Compl. ¶ 20, 25.  Such allegations state a claim for discriminatory discharge under the DCHRA.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied.

Date: April 24, 2014                    Respectfully Submitted,

                                                   Alan Lescht & Associates, P.C.

                                                   By:____/s/_____
Constance Travanty (#1007223)
1050 17th Street, N.W. Suite 400
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAUSTINA ABEBIO           )<br>                              )<br>        Plaintiff,          )<br>v.                            )<br>                              )<br>G4S GOVERNMENT SOLUTIONS, INC. )<br>                              )<br>        Defendant.         )<br>_____) | Civil Action No. 1:14-cv-00561-ABJ |

<u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion to Dismiss and Plaintiff's opposition thereto, it is, this ____ day of _____ 2014, hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.

SO ORDERED.

_____          _____
Date                                                        United States District Judge