## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FAUSTINA ABEBIO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>G4S GOVERNMENT SOLUTIONS, INC., )<br>)<br>    Defendant. )<br>) | Civil Action No. 1:14-cv-00561-ABJ |

## **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In her opposition to the Motion to Dismiss filed by Defendant G4S Government Solutions, Inc. (G4S) in this matter, Plaintiff Faustina Abebio has failed to demonstrate that her Complaint satisfies the pleading standards required by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff's Complaint is insufficient for several reasons as set forth below, and should be dismissed.

First, Plaintiff fails to address G4S's main point: She has pleaded no facts to show that her termination resulted from her protected status – *having* family responsibilities – rather than from her mistaken expectation that the employer should *accommodate* her family responsibilities. The only fair reading of Plaintiff's Complaint is that she claims to have been discharged because she had to leave work on January 15 to care for her children. This plainly fails to state a claim under the D.C. Human Rights Act, or any other law.

Second, Plaintiff appears to rely somewhat on the temporal proximity between her need to leave work on January 15 and her termination. *See* Opposition at 3. Although these facts may show a connection between her inability to perform her work duties and her discharge, these facts

do not establish a sufficient causal connection between her *protected status* and her discharge. She does not show that she was discharged shortly after taking on new family responsibilities; that any supervisor made statements linking her discharge to her family responsibilities; or even any facts showing that a decisionmaker learned of her family responsibilities shortly before her discharge. Plaintiff merely claims that she had to leave work to care for her children and was discharged shortly afterwards. Because this reason would not be an illegal one, Plaintiff fails to plead sufficient facts under *Twombly* and *Iqbal* to state a claim.

Third, Plaintiff contends that she need not plead a *prima facie* case. Although this contention is questionable, as discussed below, it is clear that under *Twombly* and *Iqbal* Plaintiff must, in some way, plead facts sufficient to "raise [her] right to relief *above the speculative level…*" *Twombly*, 127 S. Ct. at 1965 (emphasis added). If Plaintiff chooses not to plead facts sufficient to demonstrate a *prima facie* case, she need not do so, but she *does* need to plead facts that demonstrate some causal relationship between her protected status and her discharge – a claim for relief that is "plausible on its face." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citing *Iqbal,* 129 S. Ct. at 1949 (internal quotation marks omitted). In her opposition brief, she acknowledges that she must at a minimum plead facts showing that she "suffered an adverse employment action because of her protected class." *See* Opposition Brief at 2.  Plaintiff has failed to do so here.

For all of these reasons, as discussed in more detail below, this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Moreover, leave to amend should be denied – Plaintiff could have amended her Complaint to address these problems upon receiving Defendant's Motion to Dismiss, but declined to do so. Having decided instead to stand by her

initial pleading and oppose the Motion, Plaintiff should not be entitled to another bite at the apple if the Court finds her Complaint to be insufficient.

## ARGUMENT

### A. Plaintiff Fails to Address G4S's Main Point: That Her Need To Leave Work To Care For Her Children Is Not Legally Protected.

Plaintiff has wholly failed to address the main point in G4S's Motion to Dismiss: that the D.C. Human Rights Act does not protect Plaintiff's need to leave work to care for her children. D.C. Code § 2-1402.11. Although G4S could not discharge Plaintiff due to the fact that she *has* children, it could discharge her, if it chose, because her childcare responsibilities interfered with her ability to perform her job.

Accommodation of an employee's protected needs is required for religious observance and disability, but not for family responsibilities. *See* D.C. Code § 2-1402.11(c)(1) (Employers may not "refuse to make a reasonable accommodation for an employee's religious observance…"); 4 D.C.M.R. § 514.10 ("Where an employee's specific physical or mental disability precludes the normal operation of a business or particular activity in existing structures, reasonable accommodation shall be made...."). No federal or D.C. court decision has ever found that an employer must accommodate an employee's childcare responsibilities under the D.C. Human Rights Act, and two cases implicitly found that an employer *need not* accommodate an employee's absenteeism or tardiness due to childcare issues or family obligations. *See Siddique v. Macy's,* 923 F. Supp. 2d 97, 104-05 (D.D.C. 2013) ("This Court could find no case, and the parties cite none, in which the D.C. Court of Appeals has addressed whether 'family responsibilities' under the DCHRA would cover caring for a medically needy child while a parent takes siblings to school"); *Wallace v. Skadden, Arps, Slate Meagher & Flom LLP,* 799 A.2d 381,

386 (D.C. 2002) ("The District of Columbia Human Rights Act . . . contains no explicit requirement that an employer accommodate an employee's working schedule so that the employee can discharge his or her 'family responsibilities'"), citing *Simpson v. District of Columbia Office of Human Rights,* 597 A.2d 392, 405 (D.C. 1991) (same).

Plaintiff has failed entirely to address these contentions. Accordingly, to the extent Plaintiff alleges that G4S terminated her because she left work on January 15 to attend to her children, she fails to state a claim and her lawsuit should be dismissed.

### B. Plaintiff Fails to Plead Facts Adequate To Show a Causal Link Between Her Protected Status And Her Discharge.

To the extent Plaintiff claims that G4S discharged her simply because she has four children, rather than because her childcare needs interfered with her job duties, that claim is inadequately pleaded under *Twombly* & *Iqbal* and Plaintiff's claims should be dismissed.

First, Plaintiff fails to plead any facts showing or even implying that her family responsibilities in and of themselves were the reason for her termination. Where causation is at issue, a plaintiff must do more than simply allege that one event followed after another:

> The plaintiff cannot establish a causal connection between his internal complaints against Primo and his suspension and/or termination because he has plead no facts to establish that the officials at PDS, who made the decisions to suspend and terminate him, would have retaliated against the plaintiff for complaints he filed against Primo. The plaintiff has not alleged that Primo made these decisions or was even a critical force behind these decisions. On the contrary, the plaintiff alleges that a different manager was instrumental in setting the conditions for his suspension and his termination. Compl. ¶¶ 98-101; see also id. ¶ 71. *See Peters*, 873 F. Supp. 2d at 203-04 (finding that "the causal link" was "too tenuous" where the plaintiff never alleged that he complained about the supervisor who engaged in the alleged retaliatory act, but a different supervisor); *Perry v. Clinton*, 831 F. Supp. 2d 1, 24 (D.D.C. 2011) (finding no causal link in retaliation claim where plaintiff "provided no evidence or argument explaining why [her first-line supervisor] would decide to retaliate against her because she filed a complaint against

>   someone else." (emphasis in original)). Moreover, on a separate occasion, the plaintiff alleges he complained about a co-worker's inappropriate conversations and conduct, and PDS supervisors investigated the plaintiff's complaint without taking any adverse action against the plaintiff. See Compl. (unredacted) ¶¶ 69-71. This does not support the inference that PDS would retaliate against an employee for complaining internally about a supervisor. Consequently, because the "causal link" here is "tenuous," *Peters,* 873 F. Supp. 2d at 203-04, the plaintiff has failed to establish a prima facie case of retaliation.

*Slate v. Public Defender Serv.*, 2014 U.S. Dist. LEXIS 45212 at *79-80 (D.D.C. April 2, 2014).

Similarly, in this case, the Plaintiff fails to plead facts sufficient to raise any inference of causation or illegal motive. Plaintiff merely claims that she had to leave work to care for her children and was discharged shortly afterwards. Because this reason would not be an illegal one, her claim cannot succeed. In contrast, she does *not* plead any facts linking her protected *status* to her discharge. She does not allege that she was discharged shortly after taking on new family responsibilities, that any supervisor made any statements linking her discharge to her family responsibilities, or even any facts showing that a decisionmaker learned of her family responsibilities shortly prior to her discharge. For all of these reasons, Plaintiff fails to plead sufficient facts under *Twombly* and *Iqbal* to state a claim.[1]

### C. **Plaintiff Cannot Rest On A Formulaic Recitation of the Elements of Her Claim.**

Plaintiff contends that to survive a motion to dismiss, "a Plaintiff need not establish a *prima facie* case, rather need only allege that she suffered an adverse employment action because of her protected class." *See* Opposition Brief at 2, citing *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C. Cir. 2000). Even assuming that Plaintiff's statement is correct, Plaintiff fails to plead sufficient facts to survive a motion to dismiss under either standard.

---

[1] Plaintiff also alleges that she was required to undergo psychiatric testing and then subsequently discharged, but these facts do not render more "plausible" her claim that she was discharged due to family responsibilities.

First, Plaintiff asserts that she need not "establish" a *prima facie* case. The case law upon which plaintiff relies to support this contention rests on pre-*Twombly* law and is questionable. First, Plaintiff relies on *Ali v. District of Columbia,* 697 F. Supp. 2d 88, 91 (D.C. Cir 2010), which states, without any analysis or authority, that "*Sparrow*'s holding that a plaintiff need not 'make out a prima facie case of discrimination in his complaint'. . .is still good law." 697 F. Supp. 2d at 92. However, the *Ali* court fails to reconcile that statement with *Twombly's* express holding that "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do***." *Twombly,* 550 U.S. at 555 (internal citations omitted). Plaintiff also relies on *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 493 (D.C. Cir. 2008), which is a summary judgment decision discussing whether a court's examination of the *prima facie* case is useful at **any** stage of a case, and cites the *Sparrow* principle in dicta. *Munro v. LaHood,* 839 F. Supp. 2d 354, 360-61, cites *Ali* and *Brady* for the same principles. If a "formulaic recitation of the elements of a cause of action will not do," then it is hard to see how a plaintiff need not even plead facts sufficient to demonstrate a *prima facie* case in order to survive a motion to dismiss. G4S submits that *Twombly* requirement that "a formulaic recitation of the elements of a cause of action will not do" implicitly overrules *Sparrow's* 2000 holding that a plaintiff need not plead a *prima facie* case at the pleading stage. Instead, under *Twombly*, a Plaintiff must plead **more** than a *prima facie* case to survive dismissal.

In any event, Plaintiff must plead some facts, rather than "naked assertions devoid of further factual enhancement" in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 678. A complaint must demonstrate something more than the "sheer possibility

6

that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. *See, e.g., Slate*, *41-42; *44-45 (("there is nothing to support a causal inference that gender was [the employer's] motivating factor, other than the plaintiff's conclusory allegations"); *Ivey v. Fenty*, 789 F. Supp. 2d 65, 69-70 (D.D.C. 2011) (Allegation that employer "created a hostile work environment for older caseworkers, including Ms. Ivey, by assigning them an overwhelming number of cases and then threatening them with disciplinary action if they did not eliminate their backlog" were "the sort of conclusory allegations that will not suffice to state a cause of action;" the plaintiff "fail[ed] to allege the necessary element of discriminatory purpose – *i.e.,* that these [older] workers received a larger share of the work specifically because of their age"*)*.

Accordingly, G4S submits that it is not sufficient for Plaintiff to allege merely that she left work to care for her children and then was terminated. Instead, she must allege specific facts showing that her claim for family responsibilities discrimination is "plausible on its face." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). Plaintiff may choose to plead *facts* showing a prima facie case, or *facts* showing that she "suffered an adverse employment action because of her protected class" (*see* Opposition Brief at 2), but she has done neither of these things here.

Moreover, leave to amend should be denied. Plaintiff could have amended her Complaint to address these problems upon receiving Defendant's Motion to Dismiss, but failed to do so. Having decided instead to stand by her initial pleading and oppose the Motion, Plaintiff should not be entitled to another bite at the apple if the Court rules her initial Complaint was insufficient.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: May 2, 2014         By:   /s/   Teresa Burke Wright
Teresa Burke Wright (D.C. Bar No. 429196)
10701 Parkridge Blvd., Suite 300
Reston, VA  20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
WrightT@jacksonlewis.com

By:   /s/ Robin C. Terry
Robin C. Terry (D.C. Bar No. 500828)
10701 Parkridge Blvd., Suite 300
Reston, VA  20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
TerryR2@JacksonLewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of May, 2014, I caused a true and correct copy of the foregoing *Reply Brief in Support of Defendant's Motion to Dismiss* to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system and a copy was mailed by United States Mail, first class, postage prepaid, to:

>Alan Lescht, Esq. (D.C. Bar No. 441691)
>Constance Travanty, Esq. (D.C. Bar No. 1007223)
>Alan Lescht & Associates, P.C.
>1050 17th Street, N.W., Suite 400
>Washington, D.C.  20036
>ALescht@Mindspring.com
>Constance.Travanty@DCEmploymentAttorney.com

*Attorneys for Plaintiff*

Respectfully submitted,

By:   _/s/_ Robin C. Terry
Robin C. Terry (D.C. Bar No. 500828)
JACKSON LEWIS P.C.
10701 Parkridge Blvd., Suite 300
Reston, VA  20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
TerryR2@JacksonLewis.com

*Counsel for Defendant*

*4814-5195-6250, v.  4*